IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY**<br>39 Public Square<br>Wilkes-Barre, PA 18703<br><br>**Plaintiff,**<br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**<br>85 Challenger Road,<br>Ridgefield Park, NJ 07660<br><br>**Defendant.** | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, AmGuard Insurance Company, by and through their counsel, hereby demands judgment against the above-named defendant, and states by way of Complaint against them, as follows:

## PARTIES

1. Plaintiff, AmGuard Insurance Company (hereinafter "Plaintiff or "AmGuard"), is at all times relevant hereto, is and was a Pennsylvania corporation with its principal place of business located at 39 Public Square, Wilkes-Barre, PA 18703.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the State of Missouri.

3. At all times relevant hereto, Plaintiff provided certain insurance coverage to Jorge Moran (hereinafter the "subrogor") in connection with the property located at 9718 Ridge Ave, Saint Louis, MO 63114 (hereinafter the "Subject Property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times. Pursuant thereto, Plaintiff made payments to subrogor on the insurance claim resulting from the incident described below;

as a result, Plaintiff became subrogated to the claims asserted herein.

4. Defendant, Samsung Electronics America, Inc. (hereinafter "SEA") is a corporation existing under the laws of the State of New Jersey with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660, and was authorized to do business within the Commonwealth of Missouri. Samsung regularly conducts business in St. Louis County, Missouri.

5. At all times relevant hereto, Samsung was in the business of designing, manufacturing, assembling, selling, distributing and/or marketing electric ranges, and – pursuant thereto – did design, manufacture, assemble, sell, distribute and/or market the electric range at issue in this action (hereinafter the "subject range" and/or "product"), Samsung electric range, Model No. NE59R4321SG.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(b) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. On November 29, 2024, the subject range inadvertently activated and heat from the burner ignited combustibles at or near the stove causing fire damage to the subject property.

9. A subsequent investigation conducted after the loss determined the aforesaid damage was caused directly and proximately by a defect which caused the burner control knobs to operate unintentionally and ignite a fire.

10. The aforementioned defect allowed the control knobs to be unintentionally turned to the "on" position. The danger posed by the product was foreseeable to the Defendant. Such an incident would have been prevented by employing better safety mechanisms which prevent the unintentional operation of the subject stove. *See* Exhibit 1, "Samsung Range knobs may be activated by inadvertent push and turn."

11. US fire departments responded to an estimated average of 172,900 home structure fires per year started by cooking activities in 2014-2018. A significant percentage of those fires were caused by the unintentional use of products such as the subject stove.

12. As a direct and proximate result of the aforementioned defects, Plaintiff sustained the damages described herein in an amount in excess of $134,244.70.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. SAMSUNG ELECTRONICS AMERICA, INC.**

13. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

14. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

   a. failing to exercise reasonable care in the following manner:
      i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;
      ii. failing to properly inspect and/or test the product and/or its component parts;
      iii. failing to properly determine that the product and/or its component parts were not in compliance with applicable standards;
      iv. failing to provide safe and adequate warnings or instructions with the product; and/or

    v. manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

  b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

  c. failing to adequately warn the Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

  d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

  e. failing to properly monitor the work of all agents and/or employees during the performance of the tasks set forth in subparagraph (a) above to ensure compliance with applicable safety procedures;

  f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

  g. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

  h. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

15. As a direct and proximate result of such conduct, the Plaintiff sustained and incurred damage to their real property, as well as the imposition of hardship.

**WHEREFORE**, Plaintiff demands judgment in their favor and against Defendant, Samsung Electronics America, Inc. in an amount of $134,244.70, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II– BREACH of WARRANTIES
## PLAINTIFF v. SAMSUNG ELECTRONICS AMERICA, INC.

16. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

17. At the time of the sale and/or distribution of the subject product, Defendant had reason to know the particular purpose to which the subject range would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") in that the subject product was not fit for the particular purpose for which such products are required under normal operation.

18. In addition, Defendant breached its implied warranty of merchantability in that the subject product was not fit for the ordinary uses for which the subject product was used.

19. In addition, Defendant breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product.

20. Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by Defendant of its implied warranties of fitness for a particular purpose and merchantability.

21. Plaintiff has met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff demands judgment in their favor and against Defendant, Samsung Electronics America, Inc., in an amount of $134,244.70, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – STRICT LIABILITY
### PLAINTIFF v. SAMSUNG ELECTRONICS AMERICA, INC.

22. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23. Defendant is engaged, and at all times relevant hereto was engaged, in the business of, *inter alia*, designing, assembling, manufacturing, selling, distributing and/or marketing, *inter alia*, appliances, and, specifically did so with the product at issue in this case.

24. Defendant manufactured, marketed, distributed, tested and/or sold the subject range in a defective condition, unreasonably dangerous to consumers.

25. Defendant knew or should have known that the product would, and did, reach the Plaintiff without substantial change in the condition in which originally manufactured, distributed and sold.

26. The aforementioned defects consisted of:

   a. design defects;

   b. manufacturing defects;

   c. component defects;

   d. use-instruction and/or warnings defects; and/or

   e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

27. As a direct and proximate result of such defects, Plaintiff sustained and incurred damage to their real property, as well as the imposition of hardship.

28. For these reasons, Defendant is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts, and/or other applicable case law/statutes of the State of Missouri.

**WHEREFORE**, Plaintiff demands judgment in their favor and against Defendant, Samsung Electronics America, Inc (SEA), in an amount of $134,244.70, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

**de LUCA LEVINE LLC**


BY: /s/ Joseph L. McGlynn

**JOSEPH L. MCGLYNN**
PA ID: 201181
301 E. Germantown Pike, 3rd Floor,
East Norriton, PA  19401
215-383-0081
215-383-0082 (fax)
jmcglynn@delucalevine.com
**ATTORNEY FOR PLAINTIFF**


**PAGE LAW, LLC**

**Michael F. Sheldon, #73490MO**
9930 Watson Road, Suite 100
St. Louis, MO 63126
314-835-5800
314-835-5852 (fax)
michael@pagelaw.com
**ATTORNEY FOR PLAINTIFF**

**Dated:**  July 22, 2025